**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4084-15T2

JOSEPH JACKSON,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

    Defendant-Respondent.

_____

Submitted September 19, 2017 — Decided October 6, 2017

Before Judges Yannotti, Leone, and Mawla.

On appeal from the Board of Trustees of Police
and Firemen's Retirement System, PFRS No.
3-10-47304.

Jacobs & Barbone, PA, attorneys for appellant
(Louis M. Barbone and John R. Stein, on the
brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Melissa H. Raksa,
Assistant Attorney General, of counsel; Daniel
F. Thornton, Deputy Attorney General, on the
brief).

PER CURIAM

Petitioner Joseph Jackson appeals from an April 12, 2016 decision by the Board of Trustees (Board) of the Police and Firemen's Retirement System (PFRS) denying his request to use accrued leave time as additional service credit for calculation of retirement benefits. We affirm.

Jackson enrolled in the PFRS on October 1, 1988, based on his employment as a police officer with the Township of Berlin (Township). On August 27, 2012, Jackson, then the Chief of Police, was suspended with pay pending investigation of a sexual harassment complaint. On January 3, 2013, Jackson was charged with three counts of sexual harassment. On May 10, 2013, Jackson submitted a letter of resignation and applied for service retirement effective June 1, 2013. On June 10, 2013, the Township submitted a Certification of Service and Final Salary-Retirement to the Board on behalf of Jackson confirming termination of his employment effective May 10, 2013.

At its September 9, 2013 meeting, the Board approved Jackson's service retirement effective June 1, 2013. See N.J.S.A. 43:16A-5(1). Jackson received retirement benefits. Specifically, he received a retroactive check for June and July benefits and monthly benefits thereafter. The Township also paid Jackson a lump sum for his accrued leave time. Jackson's total accrued service credit was twenty-four years and eight months. He needed one hundred and

eight days of creditable service to reach twenty-five years of service. Twenty-five years of service qualifies an employee for a special retirement, which provides a greater pension benefit and post-retirement medical coverage.

Jackson requested that the Board certify he had attained twenty-five years of creditable service in the PFRS. Jackson sought to apply his accrued leave time as creditable time for pension purposes. The Board denied the request.

In its written decision, the Board found that N.J.S.A. 43:16A-1 excludes from its definition of compensation for services, and thus creditable service, "individual salary adjustments which are granted primarily in anticipation of [a] member's retirement[.]" In Jackson's case, the Board found application of accrued time toward creditable service would be in anticipation of his retirement.

The Board noted that N.J.S.A. 43:16A-4(a) states: "Only service as a policeman . . . paid for by an employer, which was rendered by a member since that member's enrollment . . . shall be considered as creditable service for the purposes of this act." The Board observed that this statute requires a police officer to render services in order to receive pension credit, but Jackson rendered no services after his resignation on May 10, 2013. Moreover, no pension contributions were made by the Township for

Jackson from the date of his resignation to his twenty-five-year anniversary.

The Board also found that N.J.A.C. 17:4-4.1(a)(2) excludes "extra compensation" from compensation subject to pension contributions creditable for retirement purposes, and the regulation defines lump sum payments for "vacation . . . [and] accumulated sick leave" as a form of extra compensation. The Board reasoned that "the crediting of service and salary credit is predicated on the performance of service in a PFRS-covered position. In absence of active service, no pension credit may be granted." The Board found Jackson, who had resigned, did not meet these criterion and denied his request.

On appeal, Jackson urges reversal asserting the Board committed a mistake of law. Specifically, Jackson argues the Board improperly considered his accumulated leave time as "extra compensation," and thus not creditable as salaried compensation for creditable service purposes. Also, Jackson argues his contract did not address how accumulated sick time or unused vacation time is treated upon retirement, and the Board's failure to certify the accrued time as creditable service time "frustrates the legislative intent of the pension and unfairly punishes [Jackson][.]" Indeed, Jackson asserts the Township historically permitted its police officers and former police chiefs to apply

sick leave time toward creditable service by certifying retirement as of the date the accrued leave time is exhausted. He argues his leave time should accordingly be applied to his creditable service.

"In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited." In re Musick, 143 N.J. 206, 216 (1996) (citing Gloucester Cty. Welfare Bd. v. New Jersey Civil Serv. Comm'n, 93 N.J. 384, 390 (1993)). The judiciary can intervene only in "rare circumstances in which an agency action is clearly inconsistent with its statutory mission or other state policy." Ibid. We must affirm a decision of an administrative agency unless the determination is arbitrary, capricious, unsupported by substantial credible evidence in the record, or contrary to express or implied legislative policies. In re Juvenile Det. Officer, 364 N.J. Super. 608, 614 (App. Div. 2003). Furthermore, we are required to "defer to an agency's expertise and superior knowledge of a particular field." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992).

We have carefully considered Jackson's arguments and thoroughly reviewed the record. We are convinced the Board's decision is supported by sufficient credible evidence and that Jackson's arguments are without sufficient merit to warrant discussion in a written opinion. We add only that Jackson faults

the Board for his own choices. He chose his own retirement date, opting to resign effective immediately on May 10, 2013. He did not reach a "terminal leave" agreement with the Township allowing him to exhaust his accrued leave time before resigning. The Board properly used the date he chose for the end of his "service as a policeman" as the end of his "creditable service." N.J.S.A. 43:16A-4(a).

Therefore, the Board's final determination is affirmed substantially for the reasons set forth in its April 12, 2016 decision. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4084-15T2